**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN JOSE CANO PICON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1429-G** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner Juan Jose Cano Picon, a citizen of Peru proceeding *pro se*,[2] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). (Doc. 1).[3] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge

---

[1] Chris Gantt, who is the Warden of Cimmaron Correctional Facility, is a proper respondent in this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Additionally, the United States Secretary of Homeland Security, Markwayne Mullin, and United States Attorney General, Todd Blanche, are proper respondents. *See Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020). "If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by adding Chris Gantt, Markwayne Mullin, and Todd Blanche as respondents.

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). As set forth fully below, the undersigned recommends that the Petition be summarily **DISMISSED**. Additionally, Petitioner's Motion Requesting Status Report on Pending § 2241 Petition, (Doc. 5), and Motion to Expedite Ruling on Pending § 2241 Petition, (Doc. 6), should be **DENIED AS MOOT**.

## I. Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases.[4] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II. Procedural Background and Petitioner's Claims

Petitioner, who alleges he is a citizen of Peru, filed the Petition on June 9, 2026, while housed in civil immigration detention at the Cimmaron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 10). The Petition states that it was filed to "challeng[e] both the legality of his continued detention and the failure of Respondents to properly

[4] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

adjudicate his claims for asylum and protection against the Convention Against Torture (CAT) and the Immigration and Nationality Act (INA)." (*Id.* at 2). Petitioner states that he "is a bona fide asylum seeker who fled a documented, systematic campaign of extortion, kidnapping, and violence by illegal armed actors in Peru . . . . Petitioner's continued indefinite detention without an individualized bond hearing, and the risk of removal to a country where he faces persecution and torture, violates the Constitution, federal statutes, and applicable international human rights standards." (*Id.*)

Petitioner provides a statement of facts that details events that occurred exclusively in Peru involving "illegal armed actors" who allegedly subjected Petitioner to extortion, threats to cause physical harm, actual violence, kidnapping, and threats to Petitioner's minor child. (*Id.* at 3-4). He alleges that he continues to face threats and the government of Peru has failed and continues to fail to protect him and that "[t]his prolonged state of unprotection fully activates the grounds for the present habeas corpus petition." (*Id.* at 4).

Petitioner asserts five "Constitutional Violations and Fundamental Rights Infringements" which refer to various Articles of the Political Constitution of Peru, as well a the "Inter-American Human Rights Standards." (*Id.* at 4-6). Petitioner's requests for relief also refer to the Political Constitution of Peru and he requests the Court, *inter alia*, to order Peruvian authorities to protect Petitioner and his family with a "permanent police escort" or "preventative security measures;" to pursue criminal investigations and proceedings to prosecute those who have harmed and threatened Petitioner; and to "verify the current state of liberty, integrity, and security of Petitioner . . . including immediate

communication with the police authorities responsible for implementing the protective measures ordered." (*Id*. at 6).

## III. Petitioner Fails To State A Cognizable Claim for Habeas Relief.

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

The Petition asserts that Petitioner is in civil immigration detention in this District and makes passing reference to challenging the legality of his immigration detention. However, Petitioner provides no information about his immigration proceedings in the United States or the facts of his detention. Rather, the entire substance of the Petition asserts facts relating to events that took place in Peru, argues legal principles from the Peruvian constitution, and seeks relief that could only be implemented by Peruvian officials. These claims are not cognizable nor redressable by this Court, and Petitioner has failed to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned recommends that the Petition be summarily dismissed in accordance with Rule 4 of the Rules Governing § 2254 Cases.

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **SUMMARILY DISMISSED**. Additionally, Petitioner's Motion Requesting

Status Report on Pending § 2241 Petition, (Doc. 5), and Motion to Expedite Ruling on Pending § 2241 Petition, (Doc. 6), should be **DENIED AS MOOT**.

**The Court advises Petitioner of his right to object to this Report and Recommendation by September 29, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 15th day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE